**FIRST DIVISION
BARNES, P. J.,
MERCIER and BROWN, JJ.**

**NOTICE:** Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**April 30, 2019**

# In the Court of Appeals of Georgia

A19A0540. IN THE INTEREST OF J. C. et al., children.

MERCIER, Judge.

The mother of J. C. and M. C. ("the children"), appeals the juvenile court's order transferring custody and guardianship of the children to their paternal grandparents.[1] The juvenile court issued the order in connection with a dependency petition, without any party having filed a guardianship petition. The Richmond County Department of Family and Children Services (the "Department"), the appellee in this matter, "agrees that the juvenile court committed reversible error in granting the

---

[1] The fathers of J. C. and M. C. are not parties to this appeal. The record is unclear as to whether the children have the same father, and thus the same paternal grandparents. However, because the juvenile court order refers to the grandparents at issue as the children's paternal grandparents, we will do the same for the purposes of this appeal.

children's paternal grandparents custody and guardianship of the children because it failed to follow the statutory mandates outlined in OCGA §§ 15-11-240, 15-11-241 and 15-11-243." We agree and reverse the juvenile court's order.

On August 12, 2016, the Department filed a dependency petition regarding J. C. (then 7 years old) and M. C. (then 3 years old), due to the mother's arrest for methamphetamine possession and the discovery that M. C. had a two week old leg fracture that was not being treated. The Juvenile Court of Richmond County entered a preliminary protective order wherein it found probable cause that the children were dependent and granted the Department temporary custody.

The juvenile court later entered an order finding the children dependent. The court also adopted a reunification case plan on April 10, 2017, which required that the mother complete parenting classes, visit with the children, undergo a psychological evaluation, enter inpatient substance abuse treatment, and attend family counseling.

Following a number of hearings, a status hearing was scheduled for August 21, 2017. At the August 21, 2017 hearing, the Department case manager for the children testified that the children were currently placed with their paternal grandparents, who lived in Alabama. The case manager testified that while the mother had "made great strides," she had not yet completed her case plan because she had not completed

inpatient substance abuse treatment. The case manger recommended that the court continue to find the children dependent. At the end of the hearing, despite the fact that neither the Department nor the paternal grandparents had filed a petition to change guardianship, the juvenile court sua sponte transferred guardianship to the paternal grandparents.

The Juvenile Code provides that a juvenile court can appoint a permanent guardian for a dependent child, but must do so in accordance with the Dependency Proceedings article. See OCGA § 15-11-240 (a). The Dependency Proceedings article requires that a petition for the appointment of a permanent guardian set forth specific information, such as "if the parent of such child has not consented to the permanent guardianship, the names and addresses of the following relatives of such child whose parents' whereabouts are known." OCGA § 15-11-241 (7) (emphasis supplied).

In the present matter, the parties agree that the mother did not consent to the transfer of permanent guardianship and that no guardianship petition was filed. As no guardianship petition was filed, there was no compliance with OCGA § 15-11-243,[2]

---

[2] OCGA § 15-11-243 (b) requires that a guardianship hearing be conducted in accordance with OCGA § 29-2-18, which provides that "[u]pon the filing of a petition for the appointment of a permanent guardian of a minor and the giving of notice, the court shall hold a hearing and the standard for determination for all matters at issue

3

which requires that "[n]otice of a guardianship petition pursuant to this part shall be given to a parent of the child who was adjudicated as a dependent child[.]" OCGA § 15-11-243 (a).

Furthermore, OCGA § 15-11-240 requires that a juvenile court make a number of findings in order to appoint a permanent guardian, including that "reasonable efforts to reunify such child with his or her parents would be detrimental to such child[.]" OCGA § 15-11-240 (a) (1). The juvenile court order does not contain those findings.

> The fundamental liberty interest of natural parents in the care, custody, and management of their child does not evaporate simply because they have not been model parents or have lost [at least] temporary custody of their child to the State. Even when blood relationships are strained, parents retain a vital interest in preventing the irretrievable destruction of their family life. If anything, persons faced with forced dissolution of their parental rights have a more critical need for procedural protections than do those resisting state intervention into ongoing family affairs. When the State moves to destroy weakened familial bonds, it must provide the parents with fundamentally fair procedures.

*In the Interest of M. F.*, 298 Ga. 138, 145 (780 SE2d 291) (2015) (citation omitted). The notice and hearing requirements of the Juvenile Code are mandatory. See *In the*

---

shall be the best interest of the minor."

4

*Interest of R. B.*, 346 Ga. App. 564, 570 (2) (816 SE2d 706) (2018). By sua sponte transferring guardianship in the absence of a statutory compliant petition, requisite notice to the mother, and the requisite findings, the juvenile court failed to follow the procedures set forth in OCGA §§ 15-11-240, 15-11-241, 15-11-243, and 29-2-18.[3] As such, we reverse the juvenile court's order.

*Judgment reversed. Barnes, P. J., and Brown, J., concur.*

---

[3] Of note, the trial court's order does not specify whether the award of guardianship was permanent or temporary. However, the distinction would not alter our analysis as the code sections that govern temporary guardianship, OCGA §§ 29-2-5 and 29-2-6, similarly require timely notice of a petition to any parent who has not consented to a change in guardianship. See OCGA § 29-2-6 (b) (1).